IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Hainan Changyuan Technology Co., Ltd., <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A", <br><br> Defendants | C.A.: TBD <br><br> Judge: TBD |

**COMPLAINT FOR TRADEMARK INFRINGEMENT
AND UNFAIR COMPETITION**

Plaintiff Hainan Changyuan Technology Co., Ltd. hereby alleges as follows against Defendants set forth in Schedule A for the Partnerships and Unincorporated Associations (collectively "Defendants").

**Introduction**

1. This is a civil action for federal trademark infringement to combat e-commerce store operators who trade upon Plaintiff's reputation and goodwill by making, using, offering for sale, selling and/or importing into the United States for subsequent sale products that create confusion for official products that use the JROD trademarks, which are covered by U.S. Trademark Registration No. 7,434,077 ("the JROD Trademark").

2. The JROD Trademark registration is valid and in full force and effect. A true copy of the federal trademark registration certificates for the JROD Trademark is attached at Exhibit A.

3. The Plaintiff has not granted a license or any other form of permission to Defendants with respect to the patent design.

4. The Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign and domestic jurisdictions. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of fully interactive, commercial online marketplaces operating under the Defendants Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell, and on information and belief, has sold and continues to sell the same Infringing Product to consumers within the United States, including the State of Illinois.

5. On information and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed in Schedule A (SEALED) to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

6. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. In a specific instance, each Defendant applies the JROD Trademark to pressure washer products. This in contrast to the JROD Trademark as being registered for multiple different types of products. The Defendant Internet Stores include other notable common features, including the same type of product images, in this case 4 parallel nozzles, accepted payment methods, checkout methods, meta data, illegitimate SEO tactics.

7.  The Defendants sharing unique identifiers, for example application of the JROD Trademark to pressure washer products, establishes a logical relationship between the Defendants and establishes *prima facie* that Defendants illicit and infringing operations arise out of the same series of occurrences. Exhibit B (SEALED) shows the include, online marketplaces for each Defendant listed on the Schedule A. As shown, each defendant uses the mark JROD in conjunction with pressure washers.

8.  Plaintiff is forced to file this action to combat Defendants' counterfeiting of Plaintiff's federally registered JROD Trademark, as well as to protect unknowing consumers from purchasing Counterfeit Products over the Internet.

9.  This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Illinois and in this Judicial District, and the acts and events giving rise to this lawsuit of which each Defendant stands were undertaken in Illinois and in this Judicial District.

**Jurisdiction and Venue**

10. This Court has original subject matter jurisdiction over the trademark infringement and false designation or origin claims pursuant to the provisions of the Lanham Act, 15 U.S.C. §1051 et seq., 28 U.S.C. §1338(a)-(b), and 28 U.S.C. § 1331.

11. This Court has jurisdiction over the deceptive trade practices claim in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

12.     This Court has personal jurisdiction over each Defendant, in that, upon information and belief, Defendants regularly conduct, transact and/or solicit business in Illinois and in this Judicial District, and/or derive substantial revenue from business transactions in Illinois and in this Judicial District and/or otherwise avail themselves of the privileges and protections of the laws of the State of Illinois such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process, and/or Defendants' illegal counterfeiting and infringing actions caused injury to Plaintiff in Illinois and in this Judicial District such that Defendants should reasonably expect such actions to have consequences in Illinois and this judicial District.

13.     According to the Amazon store owner's information, as showed on Amazon websites, parts of the Defendants can be identified via Chinese official company registration system. They are registered companies and actual owners of those companies located in China. Most of these defendant companies only have 1 or 2 employees, and these employees are also the actual owners of the Defendant companies.

14.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400, because Defendants have committed acts of trademark infringement in this Judicial District, and do substantial business in this Judicial District.

**THE JROD TRADEMARK**

15.     Hainan Changyuan Technology Co., Ltd., Plaintiff and owner of the JROD Trademark, is a limited company organized and existing under the laws of the People's Republic of China with a business address of No. 5 Yusha Rd., Jinmao St., Haikou, Hainan CHINA.

16.     The JROD Trademark federal registration is as follows:

| U.S. TM Reg. No. | Trademark (Class) | Reg. Date |
|---|---|---|
| 7,434,077 | THE MARK CONSISTS OF STANDARD CHARACTERS (JROD) WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR (Class 21) | July 2, 2024 |

17. Defendants have been engaging in the illegal counterfeiting and infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to Plaintiff's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of Plaintiff and the JROD Trademark.

**Count I**
**Trademark Infringement and Counterfeiting (15 U.S.C. § 1114)**

18. Plaintiff realleges paragraphs 1 through 17 above.

19. Plaintiff is engaged in the business of manufacturing, selling, distributing, and importing high quality, nozzle devices bearing the JROD Trademark. Consumers have come to expect the highest quality from Plaintiff's nozzle devices provided under the JROD Trademark.

20. Defendants have sold, offered to sell, marketed, distributed and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products in connection with the JROD Trademark without Plaintiff's permission. Upon information and belief, Defendants' acts have been willful, intentional, or in reckless disregard of, Plaintiff's rights in the JROD Trademark.

21.     The United States Registration for the JROD Trademark (EX. 1) is in full force and effect. Defendants' activities constitute willful trademark infringement and counterfeiting under 15 U.S.C. §§ 1114, 1117.

22.     The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit Products.

23.     Plaintiff has no adequate remedy at law, and if Defendants' actions are not enjoined Plaintiff will continue to suffer irreparable harm to their reputation and the goodwill of its well-known products.

**Count II**
**Unfair Competition**

24.     Plaintiff realleges paragraphs 18 through 23 of Count I.

25.     Defendants' acts tend falsely to represent themselves, individually and collectively, and their products as being affiliated, connected or associated with, or sponsored or approved by, Plaintiff as owner of the JROD Trademark, in violation of Section 43(a) of the United States Trademark Act (15 U.S.C. § 1125(a)).

26.     Defendants' acts, individually and collectively, constitute unfair competition with Plaintiff and Plaintiff's use of the JROD Trademark, which has resulted in unjust enrichment on the part of Defendants under the common law of the State of Illinois and elsewhere.

27.     Defendants' aforesaid activities constitute unfair business practices in violation of the Unfair Trade Practices Act of the State of Illinois.

28. Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to their reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminary, and permanently enjoined and restrained from:

a. making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products not authorized by Plaintiff and that include any reproduction, copy or imitation of the JROD Trademark;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine JROD Product that is not Plaintiff's Product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the JROD Trademark;

c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing the JROD Trademark and damaging Plaintiff's goodwill;

e. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the JROD Trademark;

  f. otherwise competing unfairly with Plaintiff in any manner;

  g. shipping, delivering, holding for sale, transferring, marketing, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which copy the JROD Trademark or any reproductions, counterfeit copies, or imitations thereof;

  h. using, linking to, transferring, selling, exercising control over, or otherwise owning any online marketplace accounts, the Defendant Domain Names, or any other domain name or online marketplace account that is being used to sell or is the means by which Defendants could continue to sell Counterfeit Products; and

  i. operating and/or hosting online marketplace accounts at the Defendant Internet Stores that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product embodying the JROD Trademark, or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine JROD Product or not authorized by Plaintiff to be sold in connection with the JROD Trademark.

2. Entry of an Order that any online marketplace account provider:

  a. disable and cease providing services for any accounts through which Defendants engage in the sale of Counterfeit Products, including any accounts associated with the Defendants listed on Schedule A;

  b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Counterfeit Products; and

  c. take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including but not limited to, removing links to the Defendant Internet Stores from any search index.

3.	That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged.

4.	In the alternative, that Plaintiff be award statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $1000 and not more than $1,000,000 for each and every use of the JROD Trademark;

5.	That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6.	Award any and all other relief that this Court deems just and proper.


DATED: September 5, 2024				Respectfully submitted,


						_____
						Robert M. DeWitty
						Attorney
						DeWitty and Associates
						1500 K Street, 2nd Floor
						RM. 249B
						Washington, D.C. 20005
						Attorney for Plaintiff