UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Hainan Changyuan Tech. Co. Ltd., ) | |
| ) | |
| Plaintiff, ) | Case No.: 1:24-cv-08087 |
| v. ) | |
| ) | Dist. Judge Sunil R. Harjani |
| The Partnerships and Unincorporated ) | |
| Associations Identified in Schedule A, ) | Mag. Judge Sheila M. Finnegan |
| ) | |
| Defendants. ) | |

### Defendants' Objection to Entry of Default or Default Judgment

**NOW COME** RIDGE WASHER, JoeJet, and MINGLE Tool ("Defendants"), by and through their undersigned counsel, and hereby object to entry of default or default judgment and state as follows:

1. Defendants were ostensibly served with process on October 2, 2024. [Dkt. 24].

2. In addition having discussed settlement with Plaintiff, defendants have been substantively involved in the case, including opposing Plaintiff's motion for entry of preliminary injunction [Dkt. 40] and moving to vacate the preliminary injunction that was entered [Dkt. 55]. With the prospect of settlement perhaps at an impasse, at least for the moment, Defendants filed their answer and counterclaim on December 4, 2024 [Dkt. 72].

3. The Seventh Circuit has a "well-established policy favoring a trial on the merits over a default judgment." Gersbacher v. Larsen, 1991 WL 18425, at *1 (N.D. Ill. Feb. 5, 1991). The Federal Rules provide that a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). To succeed in the vacation of a default order under Rule 55(c), the defendant must show "(1) good causes for its default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint." Antsy Labs, LLC v. Individuals Identified on Schedule A, 2022 WL 4325291 at *2 (N.D. Ill. Sept. 19, 2022); Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med.

Supplies, Inc., 961 F.3d 942, 949 (7th Cir. 2020). District courts have considerable discretion in ruling on Rule 55 motions. Zhu Zhai Holdings Ltd. v. Ivankjovich, 2021 WL 3634013 at *2 (N.D. Ill. Aug. 17, 2021), *aff'd sub nom.* Zhu Zhai Holdings Ltd. v. Ivankovich, 2022 WL 1439396 (7th Cir. May 6, 2022). However, courts should be mindful of the seventh circuit's policy of applying a "lenient standard for applying Rule 55(c) and the policy of favoring trial on the merits over default judgment." Parker v. Scheck Mech. Corp., 772 F.3d 502, 505 (7th Cir. 2014).

4. The Rule 55(c) standard is a lenient one, and the Seventh Circuit has held that "good cause" under that standard "does not necessarily require a good excuse for the defendant's lapse." JMB Mfg., Inc. v. Child Craft, LLC, 799 F.3d 780, 792 (7th Cir. 2015), *quoting*, Sims v. EGA Products, Inc., 475 F.3d 865, 868 (7th Cir. 2007). Courts have found good cause when a default results from inadvertence or an honest misunderstanding. PNC Bank, Nat'l Ass'n v. Action Sales Grp., LLC, 2020 WL 1139840 at *3 (E.D. Wis. Mar. 9, 2020); *See also*, Anderson v. Stanco Sports Library, Inc., 52 F.R.D. 108, 109 (D. S.C. 1971) (granting defendants' motion for an extension arguing that "judgment by default has not been entered. It is not contended that plaintiff would be prejudiced by the answer of the defendant and trial upon the merits. On the other hand, to enter default would deprive defendant of its day in court and preclude just determination of the question of liability.").

5. A "default judgment should be used only in extreme situations, or when other less drastic sanctions have proven unavailing." Sun v. Bd. of Trustees of Univ. of IL, 473 F.3d 799, 811 (7th Cir. 2007). In other words, default judgement are "a weapon of last resort, appropriate only when a party wilfully [sic] disregards pending litigation." Id. In the absence of a showing of willfulness, courts in the Seventh Circuit are more likely than not to set aside an entry of default or even to vacate a default judgment. Iconic Energy LLC v. Solar Permit Servs., Inc., 2018 WL 4520220 at *2 (N.D. Ill. Aug. 3, 2018) (internal citations omitted).

6. At no point did Defendants intend to avoid or delay the current litigation, and the delay was a result of inadvertence and misunderstanding. Hamilton v. Illinois Cent. R. Co., No. 07-0383-DRH, 2008 WL 78784 at *5 (S.D. Ill. Jan. 7, 2008) ("The Court finds that under the case law, Illinois Central has met the good cause prong. Illinois Central's failure to respond was the result of inadvertence, misunderstanding and mis-communication."). This can be contrasted with a "willful pattern of disregard for the court's orders." Passarella v. Hilton Int'l Co., 810 F.2d 674, 677 (7th Cir. 1987); Cracco v. Vitran Exp., Inc., 559 F.3d 625, 631 (7th Cir. 2009) (finding good cause where defendant "did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence.").

7. Defendants took quick action to oppose the default that was entered on December 4, 2024 (against Defendant MINGLE Tool), namely, by filing their answer the same day. See, Wereko v. Rosen, 2022 WL 14813536 (N.D. Ill. Oct. 26, 2022) ("Defendants' efforts to appear within 43 days of the default and contest the default within days of discovering the same constitute prompt action."). Moreover, Defendant assert meritorious defenses, including their conduct being excused under the fair use provision of the Lanham Act (15 U.S.C. § 1115(b)(4)) and that Plaintiff's asserted mark is in-fact generic, and thus unprotectable, for at least the type of goods Defendants have sold. [Dkt. 72].

8. Defendants submit that Plaintiff will not be harmed in any way if it is forced to litigate now, and there is zero evidence that the delay occasioned by Defendants prejudiced Plaintiff by impeding upon their ability to pursue the current litigation. See, Fed. Trade Comm'n v. Construct Data Publishers, 2014 WL 7004999 at *6 (N.D. Ill. Dec. 11, 2014).

9. This motion has been filed in good faith and in the interest of judicial economy, and is not interposed for purposes of delay.

**WHEREFORE**, Defendants pray that the Court will:

**A.** vacate the Rule 55(a) against Defendant MINGLE Tool; and

**B.** enter Defendants' Answer and Counterclaim.

Dated this July 7, 2023

                                                Respectfully Submitted,

                                                /s/Adam E. Urbanczyk
Adam E. Urbanczyk
AU LLC
444 W. Lake St. 17th Floor
Chicago, IL 60606
(312) 715-7312
adamu@au-llc.com
*Counsel for Defendants*