UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Hainan Changyuan Technology Co., Ltd.,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A",<br><br>Defendants | C.A.: 1:24-cv-08087<br><br>Judge Sunil R. Harjani |

## FINAL DEFAULT JUDGMENT ORDER

This action having been commenced by Plaintiff Hainan Changyuan Technology Co., Ltd. ("Hainan Technology") against the defendants identified of Schedule A, and using the Defendants' Online Marketplace Accounts (collectively, the "Defendants' Internet Stores"), and Plaintiff having moved for entry of Default and Default Judgment against the Defendants S T Sales Inc. Amazon Store ID: A2CTESHMFLPNOS /listed as Defendant 13), ShadowY (Amazon Store ID: AMCENHWAJ6EIF / listed as Defendant 14), Altima-Store (Amazon Store ID: A2MN6BE9SPXQ4T / listed as Defendant 24), Zhixing-US (Amazon Store ID: A1A8LVLGAJAX88 / listed as Defendant 29), and TADYAO (Amazon Store ID: A1W0952ZJND0L4 / Defendant 30) (collectively, "Defaulting Defendants).[1]

This Court having entered upon a showing by Plaintiff a temporary restraining order against the Defaulting Defendants, the combination of providing notice via electronic publication

---

[1] This Court previously granted Plaintiff Hainan Technology's Motion for Default and Default Judgment [DE 71, 101].

or email, along with any notice that the Defaulting Defendants received from payment processors, being notice reasonably calculated under the circumstances to apprise the Defaulting Defendants of the pendency of this action and affording Defaulting Defendants the opportunity to answer or otherwise plead; and

Defaulting Defendants having failed to answer the Complaint or otherwise plead, and the time for answering the Complaint having expired;

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defaulting Defendants since Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defaulting Defendants are reaching out to do business with Illinois residents by operating a commercial, interactive Defendant Internet Store through which Illinois residents can purchase knock-off products having Plaintiff's U.S. registered JROD trademark (registration number 7,434,077)

THIS COURT FUTHER FINDS that Defaulting Defendants are liable for trademark infringement (15 U.S.C. §1114).

THE COURT ALSO FINDS based on the evidence previously submitted by plaintiff and the admission of liability by virtue of the default, plaintiff has established that a permanent injunction should be entered. The infringement of plaintiff's mark irreparably harms plaintiff and confuses the public. This infringement was willful and statutory damages are awarded.

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that Defaulting Defendants are deemed in default and that this Final Judgment is entered against Defaulting Defendants.

IT IS FURTHER ORDERED that:

1. Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. making, using, selling, marketing, offering for sale, advertising, or distributing any reproduction, counterfeit copies or colorable imitations thereof in any manner in connection with any product that is an unlicensed or knock-off version of the registered JROD trademark;

    b. passing off, inducing, or enabling others to sell or pass of any product as a licensed or genuine product based off the registered JROD trademark;

    c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Plaintiff Hainan Technology, or are sponsored by, approved by, or otherwise connected with Hainan Technology;

    d. further infringing the registered JROD trademark;

    e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, knock-off products based on the registered JROD trademark, or any reproductions, counterfeit copies or colorable imitations thereof; and

    f. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Account or any other domain name or online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell knock-off product based on the registered JROD trademark.

2. Those in privity with Defaulting Defendants and with actual notice of this Order, including any online marketplaces such as Amazon.com, Amazon Pay, PayPal, Inc. ("PayPal"), eBay, Inc. ("eBay"), Alibaba Group Holding Ltd., Alipay.com Co. Ltd., any related Alibaba entities (collectively "Alibaba"), TEMU.com, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, shall within seven (7) calendar days of receipt of this Order:

    a. disable and cease providing services for any accounts through which Defaulting Defendants, currently or in the future, engage in the sale of infringing product based on the registered JROD trademark, including, but not limited to, any accounts associated with the Defaulting Defendants and the Defendants' Internet Stores;

    b. disable any account linked to Defaulting Defendants or linked to any and all email addresses used by Defaulting Defendants in connection with the sale of counterfeit and infringing products using the JROD trademark.

3. Pursuant to 15 U.S.C. §1117(c)(2), Plaintiff is awarded statutory damages from each of the Defaulting Defendants in the amount of thirty thousand dollars ($30,000) for willful use of counterfeit JROD trademark on products sold through at least the Defendants' Internet Stores. This award shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in the Complaint and Schedule A.

4. PayPal, Inc. ("PayPal") shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any China or Hong Kong based accounts connected to Defaulting Defendants and the Defendant Internet Stores from transferring or disposing of any money (up to the statutory damages awarded in Paragraph 3 above) or other of Defaulting Defendants' assets.

5.      All monies (up to the statutory damages awarded in Paragraph 3 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Amazon.com and/or Amazon Pay are hereby released to Plaintiff Hainan Technology and its representatives as payment of the above-identified damages, and Amazon.com and/or Amazon Pay is ordered to release to Plaintiff Hainan Technology and its representatives the amounts from Defaulting Defendants' Amazon.com and Amazon Pay accounts within ten (10) business days of receipt of this Order.

6.      Until Plaintiff Hainan Technology has recovered full payment of monies owed to it by Defaulting Defendants, Plaintiff Hainan Technology and its representatives shall have the ongoing authority to serve this Order on Amazon.com in event that any new financial accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, Amazon.com shall within two (2) business days:

   a.      locate all accounts and funds connected to Defaulting Defendants and their Defendant Internet Store, including, but not limited to, Amazon.com accounts connected to the information listed in the EX A hereto, the email addresses identified in the EX A, and any email addresses provided for Defaulting Defendants by third parties;

   b.      restrain and enjoin such accounts or funds that are China or Hong Kong based from transferring or disposing of any money (up to the statutory damages awarded in Paragraph 3 above) or other of Defaulting Defendants' assets; and

   c.      release all monies (up to the statutory damages awarded in Paragraph 3 above) restrained in Defaulting Defendants' Amazon.com accounts to Plaintiff Hainan Technology and its representatives as payment of the above-identified damages within ten (10) business days of receipt of this Order.

7. Until Plaintiff Hainan Technology has recovered full payment of monies owed to it by Defaulting Defendants, Plaintiff shall have the ongoing authority to serve this Order on any banks, savings and loan associations, payment processors, or other financial institutions (collectively, the "Financial Service Providers") in the event that any new financial accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, the Financial Service Providers shall within two (2) business days:

    a. locate all accounts and funds connected to Defaulting Defendants and their Defendant Internet Stores, including but not limited to, any accounts connected to the information listed in EX. A hereto, and any e-mail addresses provided for Defaulting Defendants by third parties; and

    b. restrain and enjoin such accounts or funds from receiving, transferring or disposing of any money or other of Defaulting Defendants' assets; and

    c. release all monies (up to the statutory damages awarded in Paragraph 3 above) restrained in Defaulting Defendants' financial accounts to Plaintiff Hainan Technology as payment of the above-identified damages within ten (10) business days of receipt of this Order.

8 In the event that Plaintiff Hainan Technology identifies any additional online marketplace accounts, domain names or financial accounts owned by Defaulting Defendants, Plaintiff Hainan Technology may send notice of any supplemental proceeding to Defaulting Defendants by email at the e-mail address identified in EX. A and any e-mail addresses provided for Defaulting Defendants by third parties.

10. To obtain release of the bond previously posted in this action, Plaintiff's counsel must file a motion for the return of the bond once the preliminary injunction no longer applies to any Defendant.

This Court, having determined that there is no just reason for delay, orders that this is a Final Judgment against Defaulting Defendants.

This is a Final Default Judgment.

Dated: December 26, 2024

_____
Sunil R. Harjani
United States District Judge

# EX. A

|    | STORE ID.      | STORE NAME   | ASIN       |
|----|----------------|--------------|------------|
| 13 | A2CTESHMFLPNOS | S T Sales Inc. | B0C1Q6P91K |
| 14 | AMCENHWAJ6EIF  | ShadowY      | B0D2WV9V3D |
| 24 | 2MN6BE9SPXQ4T  | Altima-Store | B07T76LHH6 |
| 29 | A1A8LVLGAJAX88 | Zhixing-US   | B09VKFLSMV |
| 30 | A1W0952ZJND0L4 | TADYAO       | B09TR8ZRQY |